ARNOLD N. LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 17875-84.
United States Tax Court
T.C. Memo 1986-211; 1986 Tax Ct. Memo LEXIS 397; 51 T.C.M. (CCH) 1071; T.C.M. (RIA) 86211; May 27, 1986. John A. Warnick, for the petitioner. J. A. Lopata, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: The dispute to be resolved herein concerns the appropriate decision to be entered pursuant to Rule 155, [1] and the primary issue is the timeliness of petitioner's attempt to utilize the income averaging provisions of sections 1301 through 1305 in making the Rule 155 computation. The trial of this case took place on March 19, 1985, in Salt Lake City, Utah. The issue therein was whether certain cash payments made to petitioner from a wholly-owned corporation constituted loans, *398 as petitioner contended, or dividends, as respondent contended. On November 18, 1985, the Court issued its opinion, , in which it was decided that the cash payments made to petitioner in 1980 constituted dividends. Because of concessions, we directed that the decision be entered under Rule 155. On July 16, 1985, a related case, Lewis v. Commissioner, docket No. 27849-85, was filed in this Court. That case involves petitioner's 1978 and 1979 Federal tax liabilities, and the primary issue therein also is whether certain payments received by petitioner constituted loans or dividends. The statutory notice of deficiency in that case, dated April 15, 1985, utilizes income averaging pursuant to sections 1301 through 1305 in the computation of the deficiencies determined for 1978 and 1979 and includes a Schedule "G" for both 1978 and 1979 that purports to set forth petitioner's base period income for each of the four years preceding the years in issue therein. [2]
*399 On February 4, 1986, respondent filed his computation for entry of decision under Rule 155. On March 3, 1986, petitioner filed an objection to respondent's computation under Rule 155 and petitioner filed his computation.In his computation, petitioner seeks for the first time to compute his tax liability for 1980 using income averaging under sections 1301 through 1305. Petitioner's proposed computation also includes several miscellaneous differences from respondent's computation, including an increased dividend exclusion (from the $39.00 previously claimed to $200.00), and an increased state sales tax deduction of $127.67. Respondent's computation does not use income averaging, and does not allow for the increased dividend exclusion, nor for the increased state sales tax deduction. Respondent's computation also differs from petitioners in that respondent's figures correct a mathematical error made on petitioner's 1980 Federal income tax return (which results in a $97.14 understatement of petitioner's gross income), whereas petitioner's figures make no such adjustment. The Court requested that simultaneous supplemental briefs be filed in support of the parties' respective computations. *400 Respondent filed his supplemental brief on April 14, 1986, and petitioner filed his on April 18, 1986. Rule 155 provides the procedure under which the Court may withhold entry of its decision following the Court's determination of the issues in cases where the amounts of the deficiencies and overpayments are not readily apparent. Rule 155(b) provides that where computations submitted by the parties differ, the Court may in its discretion afford the parties an opportunity to be heard thereon. The general rule is that a Rule 155 proceeding may not be used to raise a new issue. ; , and cases cited therein. Rule 155(c) provides: (c) Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to *401 be regarded as affording an opportunity for retrial or reconsideration. Petitioner, in support of his position that the use of income averaging is merely computational in nature, argues that the use of income averaging is analogous to computations of the appropriate deductions for medical expenses, the appropriate percentage limitations on charitable contributions, and the question of whether the use of itemized deductions would result in a lower tax liability than the use of the standard deduction. Petitioner points out that this Court has allowed such computations to be made under Rule 50, the forerunner to Rule 155. See (Medical expenses); (itemized deductions versus standard deduction); and (charitable contributions limitation). Petitioner also argues that proof of petitioner's base period income during the years 1976 and 1977, which is necessary for an income averaging computation, may be found in the statutory notice of deficiency issued in the related case of Lewis v. Commissioner, *402 docket No. 27849-85, and that petitioner's returns as filed for 1978 and 1979 should be regarded as correct for purposes of the Rule 155 computation.Petitioner argues that in the event there is a judicial determination of a deficiency for 1978 or 1979, respondent need only bring a motion at that time to revise the judgment herein. Respondent takes the position that petitioner's attempt to utilize income averaging in the context of a Rule 155 computation constitutes the raising of a new issue, which should not be allowed. Respondent emphasizes that the issue of income averaging was not raised in the pleadings, nor was it placed before the Court at any time prior to the submission of the Rule 155 computations of the parties. Respondent also points out that evidence of petitioner's base period income never has been introduced into evidence in this case. Respondent relies primarily on . In that case, the taxpayers sought to amend their pleadings and to raise the issue of their eligibility for income averaging for the first time as part of the Rule 155 computation. The issue had not been raised in the pleadings and the taxable *403 income in the base period years was not contained in the record. We held in Cloes that, under the circumstances of that case, the attempt to use income averaging for the first time in the context of a Rule 155 computation constituted an attempt to raise a new issue. In reaching that conclusion, we noted that "[i]n those cases where a late claim of income averaging has been permitted, the record contained all of the evidence necessary to making such computation and the issue was raised no later than at the trial." . Cloes is directly on point and is controlling. The evidence necessary to compute the appropriate deficiency utilizing the income averaging provisions is not contained in the record herein. The correct taxable income for the two years immediately prior to the year in issue (namely, 1978 and 1979) is currently being litigated before this Court in another case, and cannot be determined until a final resolution of that case is reached. We recognize that we have allowed a taxpayer to elect income averaging as late as the time of trial. See . In , *404 the taxpayers attempted to raise the issue of income averaging for the first time after entry of the decision. In denying such a request, we noted: Petitioners completely failed to raise the issue of income averaging as an element of their claim for relief from this Court. * * * Unlike Hosking, the Court decided these cases without the slightest knowledge that any such issue was lurking in the background. In addition, the record lacks any data which would have enabled the Court to apply income averaging here even if it had been disposed to do so at the time the final decisions were entered. [; 45 P-H Memo T.C. par. 76,066 at 76-287.] It is too late for petitioner to raise the issue of income averaging at this stage of the proceedings. Proper judicial administration requires that there be an end to litigation and that bifurcated trials be avoided. . We therefore conclude that petitioner may not utilize the income averaging provisions in the context of the Rule 155 computations herein. Respondent has conceded on brief the increased dividend exclusion and the *405 increased sales tax deduction. Petitioner has not addressed the issue of the mathematical error that was made on petitioner's 1980 return (which return is in evidence herein) and corrected in respondent's computation. The correction of a mathematical error is appropriate as part of a Rule 155 computation. .We direct that such a correction is to be made. Accordingly, Decision will be entered under Rule 155 in accordance with respondent's revised computation.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The correct application of income averaging necessitates a determination of the correct amount of the average base period income for the four years immediately preceding the year with respect to which income averaging is claimed.See sec. 1302.↩